WOLF, Judge.
State of Florida, Department of Transportation (department) appeals from a final judgment awarding attorney’s fees and costs in favor of the appellee in an eminent domain action. .The issue is whether the trial court improperly disregarded an offer of judgment made by the department in calculating attorney’s fees. We find that the trial court incorrectly determined that the offer of judgment was invalid because it did not specifically reflect what portion of the offer reflected business damages. The statute authorizing the filing of offers of judgments in eminent domain cases does not require such a designation, nor does the failure to make this designation result in an ambiguity in this case. We, therefore, reverse the award of attorney’s fees and remand for further proceedings to redetermine the amount of fees owed by the department.
On October 5,1994, the department filed a petition in circuit court in Escambia County to exercise eminent domain authority over property which included a parcel of land (“parcel 146”) owned by Harold Hall on which he had a business known as the Cougar Bar. In May 1994, the department offered $20,000 for land improvements and severance damages, and deposited that amount in the registry of the court as the department’s good-faith estimate. The appellee had retained counsel in December 1993 through which he answered the department’s *1164 petition asserting that, because of the taking, he would also suffer damage due to business loss. The $20,000 estimate did not include business damages.
On February 20,1995, the department presented an offer of judgment pursuant to section 73.032, Florida Statutes, in the amount of $126,400 to “settle all claims including business damages.” In September 1996, the parties entered into a settlement in the amount $147,500 “for parcel number 146 in full payment for all damages of any nature in connection with this parcel.”
Hall filed a motion pursuant to section 73.092, Florida Statutes, for attorney’s fees and costs with respect to parcel number 146. A hearing on the motion was held on November 25, 1996. Following arguments of parties at the hearing, the court found that because the $126,400 offer of judgment did not provide a breakdown as to the amount of business damages, it did not comply with section 73.092; therefore, attorney’s fees had to be based on the difference between the initial offer of $20,000 and the final settlement amount of $147,500.[1]
Section 73.032, Florida Statutes, provides the “exclusive offer of judgment provisions for eminent domain actions.” Section 73.032(4)(a) requires that the offer of judgment
1. be in writing;
2. settle all pending claims with the party or parties exclusive of attorney’s fees and costs;
3. state that the offer is made pursuant to this section;
4. name the parties to whom the offer is made;
5. briefly summarize any relevant conditions;
6. state the total amount of the offer; and
7. include a certificate of service.
The February 20, 1995, offer of judgment for $126,400 clearly met all of the statutory requirements set forth in section 73.032(4)(a), quoted above. Although the amount of business damages is not specified, the offer of judgment here does state, “This offer settles all claims including business damages....” The settlement between the parties also reflects “full payment for all damages of any nature,” which would include business damages. Section 73.092, Florida Statutes, deals with the calculation of the amount of attorney’s fees based on the benefits achieved for the client. We find no ambiguity in the offer of judgment or the settlement agreement which would hinder the trial court’s ability to ascertain the appropriate benefit to be utilized in calculating the amount of fees. We also fail to find any language in section 73.092, Florida Statutes, which would necessarily require that business damages be separately designated in all cases where an offer of judgment includes business damages. We, therefore, reverse.
BARFIELD, C.J., and LAWRENCE, J., concur.

. Section 73.092(l)(c)l. permits attorney’s fees in the amount of 33 percent of any benefit up to $250,000. Thirty-three percent of the difference between $20,000 and $147,500 is $42,075, which is the amount of attorney’s fees the court awarded to Hall.